UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA - ORLANDO DIVISION

In Re:                                                    Case No. 6:12-bk-16212-KSJ
                                                          Chapter 13

Patricia Marie Benishek

        Debtor
_____/

AMENDED MOTION FOR RELIEF FROM CO-DEBTOR STAY
NUNC PRO TUNC TO JULY 30, 2015
(Re: 9513 Westover Club Circle, Windermere FL, 34786)

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 21 days from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at George C. Young Federal Courthouse, 400 W. Washington Street Suite 5100, Orlando, FL 32801, and serve a copy on the movant's attorney ReShaundra M. Suggs, Esq., Clarfield, Okon, Salomone & Pincus, P.L., 500 South Australian Avenue, Suite 730, West Palm Beach, Florida 33401.**
>
> **If you file and serve an appropriate objection within the time permitted, and the objection reveals factual or legal issues requiring a hearing, the Court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion responses on the papers without further notice or hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

      Bayview Loan Servicing, LLC (Movant), its successors and/or assigns, as Secured Creditor of the bankruptcy estate of Patricia Marie Benishek (Debtor), seeks relief from the co-debtor stay pursuant to U.S.C. § 1301 (c) nunc pro tunc to July 30, 2015, and in support thereof, states as follows:

1. Movant is a secured creditor of the above styled Debtor and brings this Motion pursuant to the provisions of Section 362 of the Bankruptcy Code.

2. On June 6, 2008, the Debtor and non-filing co-debtor, Bruce Benishek, executed a mortgage, which is held by the Movant. Copies of the note and mortgage are attached hereto as "**Exhibit A".**

3. The Debtor(s) owns certain real property in Orange County, Florida, described as:

> **LOT 31, WESTOVER CLUB PHASE 1, A REPLAT, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 139 THROUGH 141, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.**
>
> **A/K/A: 9513 WESTOVER CLUB CIRCLE, WINDERMERE FLORIDA, 34786**

4. All rights and remedies under the mortgage have been assigned to the Movant as evidenced by the assignment of mortgage, a true and correct copy of which is attached as **Exhibit "B".**

5. Debtor(s) has not made a payment on the subject mortgage since the installment due November 1, 2009, and therefore the interest of Movant is not being adequately protected. The subject real property is not necessary to an effective reorganization by Debtor.

6. Based on the foregoing, "cause" exists within the meaning of the U.S. Bankruptcy Code §362(d) (1) for granting Movant relief from automatic stay to proceed *in rem* in State Court to enforce its lien rights pursuant to the Note and Mortgage. Accordingly, Movant will suffer irreparable injury if it is not granted relief from automatic stay to proceed against the collateral.

7. Furthermore, Movant has retained the undersigned law firm and is obligated to pay the firm reasonable attorneys' fees and costs for the prosecution of this motion in the instant bankruptcy case.

8. Movant respectfully requests the entry of an order modifying the co-debtor stay pursuant to 11 U.S.C. § 1301(c) nunc pro tunc to July 30, 2015 to allow relief from stay in order to permit the foreclosure action in Circuit Court to be completed.

The requested relief should be granted for the following reasons:

- The Debtor's Confirmed Chapter 13 Plan (Doc 7) indicates that the Property is being surrendered
- A separate request to lift the automatic Stay pursuant to 11 U.S.C. § 352(d) against the Debtor has been filed (**Doc. No. 19**) and the Order was granted on August 4, 2014 (**Doc No. 20)**
- A foreclosure sale was held on July 30, 2015 which is attached as **Exhibit "C".**

**WHEREFORE,** BAYVIEW LOAN SERVICING, LLC moves this Court to enter Its Order granting relief from Co-Debtor stay nunc pro tunc to July 30, 2015 and/or granting such other relief as to the Court may seem just and proper.

October 23, 2015

        CLARFIELD, OKON, SALOMONE & PINCUS, P.L.
        Attorney for Secured Creditor
        500 South Australian Avenue, Suite 730
        West Palm Beach, FL 33401

        By: /s/ ReShaundra M. Suggs
        ReShaundra M. Suggs, Esq.
        Florida Bar No.: 77094

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by First Class U.S. Mail or CM/ECF to the attached mailing list this 23rd day of October 2015.

**J. Craig Bourne, Esq.**
Law Office of J. Craig Bourne
1520 East Livingston Street
Orlando, FL 32803
(Via CM/ECF)

**Laurie K. Weatherford, Trustee**
P.O. Box 3450
Winter Park, FL 32790
(Via CM/ECF)

**Patricia Marie Benishek**
9513 Westover Club Circle
Windermere, FL 34786
(Via US Mail)

    /s/ ReShaundra M. Suggs
    ReShaundra M. Suggs, Esq.
    CLARFIELD, OKON, SALOMONE & PINCUS, P.L
    Attorney for Secured Creditor